ABRAHAM GROSS, Appellant, v. MINNIE GROSS, Respondent.

St. Louis Court of Appeals, November 11, 1902.

1. **Marriage, Annulment of:** INSANITY, LUCID INTERVAL: CONTRACT OF MARRIAGE. In a suit to annul a marriage on the ground of the insanity of defendant existing when the marriage was solemnized, it appeared that the parties lived together many years, had several children, and that defendant had lucid intervals meanwhile; *held*, that the continuance of their marital relation during those intervals was a ratification of the nuptial contract by both parties, in the circumstances stated in the opinion.

2. ———: ———: EQUITY. A suit of the sort above described is treated as one in equity, is triable by the court without a jury, and reviewable on the law and facts upon appeal.

Appeal from St. Louis City Circuit Court.—*Hon. Walter B. Douglas*, Judge.

AFFIRMED.

*P. P. Mason* and *I. Landaeur* for plaintiff.

(1) This is a suit in equity and will be considered and reviewed by this court *de novo*. Chapline v. Stone, 77 Mo. App. 525; Bene v. Schnecko, 100 Mo. 258; McElroy v. McElroy, 101 Mo. 308. (2) It appears in the proof of plaintiff that he, after discovering the condition of the defendant, continued to live and cohabit with her with the hope that she would ultimately get all right, which hope in the end he was compelled to abandon. He is not estopped, when every hope is gone for her final recovery, from seeking the relief

prayed for in his petition.    22 Ala. 86; 114 Mass. 566;
Chapline v. Stone, 77 Mo. App. 525.

*E. M. Grossman* for defendant.

(1) A decree declaring a marriage void on the
ground of mental incapacity of one of the parties at
the date of the marriage, and the ignorance on the part
of the other party of such incapacity, should not be
rendered except upon the clearest and most definite
evidence.    Slais v. Slais, 9 Mo. App. 96; Cole v. Cole,
5 Sneed (Tenn.) 57; Smith v. Smith, 47 Miss. 211.    (2)
The aid of the court of equity can not be successfully
invoked when a party has slept on his rights and in-
fluenced others to act on the confident belief that he
has abandoned them.    Landrum v. Bank, 63 Mo. 48;
Stevenson v. Saline County, 65 Mo. 425; Schradski v.
Albright, 93 Mo. 42.    (3) Cohabitation with defend-
ant during lucid intervals validates the marriage.    2
Nelson on Divorce and Separation, sec. 670; Cole v.
Cole, 5 Sneed (Tenn.) 57; Allis v. Billings, 47 Mass.
415; Wightman v. Wightman, 4 John. Ch. 343; Saba-
lot v. Populus, 37 La. Ann. 854.

BARCLAY, J.—This is a suit to annul the mar-
riage between plaintiff and defendant on the ground
that defendant, the wife, was of unsound mind at the
time of the ceremony and incapable of entering into
the contract of union.    Defendant at the beginning of
the suit and when the case was tried was in an asylum
for the insane.    The circuit court appointed a guardian
*ad litem* to represent her.    The guardian filed an an-
swer admitting the marriage and defendant's present
insanity and denying the other facts of plaintiff's peti-
tion, the substance of which consists of charges that
plaintiff when only seventeen years old was fraudu-
lently induced by the parents of defendant to marry
her while she was insane, of which fact he was ignor-
ant; that defendant had remained "in a deranged con-

dition of mind" ever since, and is now hopelessly insane.

The case was tried by Judge Douglas with the result of a decree for defendant, dismissing plaintiff's petition. He appealed in the usual manner.

Plaintiff and defendant were married in Russia in 1888. They lived together there and in this country until 1900, except during the time when she was incarcerated on account of her affliction. Plaintiff came to the United States about two years before his wife, because (according to his evidence) she wanted him to "go first and make some money." Seven children have been born to them, five of whom have died and two are living. According to plaintiff's account the marriage was maneuvered by defendant's parents who wanted to get rid of the burden of taking care of defendant and, hence, concealed her imbecile condition from him. He soon discovered that she was afflicted as charged; but he set up a home with her, treated her kindly and hoped that she would eventually recover. Their children died in infancy, save two who are now living. One of the survivors is weak and not likely to be longlived. In 1900 defendant was committed to the insane asylum in St. Louis as a patient. Plaintiff afterwards brought this suit.

An expert physician, Dr. Runge, who had supervision of defendant at the asylum, testified to statements of plaintiff and his relatives in regard to the history of his wife's case when she was admitted to that institution. It is not requisite to quote that evidence at length. Its tenor is such as to warrant the inference that defendant is "only periodically insane" (to quote the language of the witness) that she has "intervening intervals of lucidity," and that, while she has had such attacks before, she has also been lucid for considerable periods during her married life.

All these facts were brought out by plaintiff. He himself was allowed to testify without objection. In view of the result to be announced it will not be needful to consider what, if any, bearing on the competency,

of his testimony section 4652 (R. S. 1899) may have, in the condition of the record described.

1. A suit of this sort is triable by the court without a jury. R. S. 1899, sec. 692. Such cases have been considered as suits in equity, reviewable on the law and facts on appeal. Slais v. Slais, 9 Mo. App. (St. L.) 96; Chapline v. Stone, 77 Mo. App. (St. L.) 525.

2. The main issue of law involved is settled in Missouri by authority binding on this court. If defendant was insane at the time of her marriage but, afterwards, during a lucid interval, consented to the marriage and lived with plaintiff as his wife; she thereby ratified the marriage and made it binding upon her. Plaintiff could not thereafter annul the bond by reason of her former mental incompetency. That conclusion is sustained by several Missouri decisions which involve its principle. In one of them is cited an excerpt from Shelford's able treatise on Marriage & Divorce (*p. 197) declaring that "a marriage by a *non compos* when of unsound mind is rendered valid by consummation during a lucid interval." Johnson v. Johnson, 45 Mo. 595; Busch v. Busch, 81 Mo. App. (St. L.) 562.

There was ample evidence from which the learned trial judge could find that defendant had many lucid intervals, that by continuing to live with plaintiff as his wife during those intervals she consented to her marriage, and that plaintiff likewise ratified the nuptial contract on his part. We consider that the findings to that effect are correct.

The facts in judgment here are broadly distinguishable from those exhibited in Chapline v. Stone, 77 Mo. App. (St. L.) 524. We regard the decision in that case as in nowise conflicting with that pronounced in the case at bar.

The case is a sad one in many of its phases. We see, however, no just ground on which to grant the prayer of plaintiff's petition.

The judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.